**BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, PLAINTIFF, v. ELI SHERMAN, T/A GIBBY'S STORES, DEFENDANT.**

Camden County District Court

Decided April 27, 1962.

*Mr. David D. Furman,* Attorney General of New Jersey, attorney for plaintiff (*Mr. Remo M. Croce,* Deputy Attorney General, appearing).

*Mr. Anthony M. Bezich,* attorney for defendant.

BROWN, R. C., J. C. C.   This is a suit to recover the penalty prescribed in *N. J. S. A.* 45:14–37. The plaintiff alleges that the defendant violated *N. J. S. A.* 45:14–6 in that on July 10, 1959 the defendant, at 41 Clementon Road, Berlin, Camden County, New Jersey, did retail and

dispense unto a representative of the plaintiff, certain drugs, namely citrate of magnesia and spirits of ammonia, while he was not under the supervision of a registered pharmacist, as required by said section.

The parties have entered into a stipulation as follows:

"1. Defendant's employee, who is neither a registered pharmacist nor a registered assistant of the State of New Jersey within the meaning of N. J. S. A. 45:14–6, sold to certain individuals one bottle of citrate of magnesia and spirits of ammonia.

2. Both citrate of magnesia and spirits of ammonia are either drugs or medicines.

3. When taken in proper dosage, both citrate of magnesia and spirits of ammonia are non-poisonous.

4. The sole issue to be decided in this matter is whether either or both citrate of magnesia and spirits of ammonia are 'patent or proprietary' medicines within the meaning of N. J. S. A. 45:14–29."

*R. S.* 45:14–29 provides as follows:

"Except as otherwise provided as to barbital or any other hypnotic or somnifacient drugs, nothing in this chapter shall be construed to apply to or in any manner interfere with the strictly professional pursuits of any physician, the making and vending of nonpoisonous patent or proprietary medicines, the sale of simple nonpoisonous domestic remedies by retail dealers in rural districts, nor the ownership of any pharmacy or store, in whole or in part, by a person not a registered pharmacist, if such pharmacy or store is at all times in charge of a registered pharmacist. Any person holding any certificate of registration granted under any former act, with the renewal certificate thereof, shall be considered a registered pharmacist within the meaning of this chapter."

As was agreed upon in the stipulation, the sole issue is one of construction of the statute.

The terminology "patent and proprietary medicines" is an antiquated terminology. It has been the subject of diverse opinions and the courts of many states have been forced, in the absence of suitable definitions, to give judicial rather than legislative meaning to these words.

The Supreme Court of New Jersey, in the case of *The Proprietary Association v. Board of Pharmacy*, 16 *N. J.* 62 (1954), very accurately stated as follows:

"The important underlying problems are legislative in nature and new enactments which clearly fix our State's current social policies and embody adequate definitions are urgently needed. In the meantime, however, our courts ought to confine themselves in this field to their customary function of deciding particular cases involving such individual items as may, from time to time, properly be presented for adjudication."

In view of the stipulation that "both citrate of magnesia and spirits of ammonia" are either drugs or medicine, they clearly fall within the prohibition contained in *N. J. S. A.* 45:14–6. This, then, leaves the court with the problem of deciding whether or not they also fall within the exception of *R. S.* 45:14–29. There is no evidence before me, other than the stipulation of facts, which will guide me in determining whether or not the two items sold are patent or proprietary medicines. *Taber's Cyclopedic Medical Dictionary* (*6th ed.* 1955), gives this definition of patent medicine: "Packaged remedy for public use, which is protected by letters patent and sold without a physician's prescription." It does not appear that either item sold by this defendant was such a patented article.

The same medical dictionary gives this definition to the term proprietary medicine: "Any chemical, drug of similar preparation used in the treatment of diseases, if such article is protected against free competition, as to name, product, composition or process of manufacture, by secrecy, patent or copyright, or by another means." Neither item seems to fall within this category.

The court must therefore find that both citrate of magnesia and spirits of ammonia are drugs or medicines, but are neither patent or proprietary medicines, and therefore are not exempt under *R. S.* 45:14–29.

In view of the above finding, a judgment in favor of the plaintiff and against the defendant will be entered in the amount of $50 with costs.